In re 18TH AVENUE DEVELOPMENT CORP., Debtor.

Linda PELLE, Plaintiff,

v.

William D. SEIDLE, Trustee, Defendant.

Bankruptcy No. 79–01230 BKC SMW.
Adv. No. 80–0165 BKC SMW A.

United States Bankruptcy Court,
S. D. Florida.

Sept. 29, 1980.

Martin L. Sandler, Miami, Fla., for defendant.

Louis A. Supraski, Miami, Fla., for plaintiff.

Robert Schatzman, Miami, Fla., for debtor.

FINDINGS OF FACT AND
CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came on to be heard upon a Complaint for recovery of property filed herein by the Plaintiff and the Court having heard testimony and examined the evi-

---

1. See: *Abbott v. Regents of University of California*, 516 F.2d 830 (9th Cir. 1975).

dence presented; observed the candor and demeanor of the witnesses; considered the arguments of Counsel and being otherwise fully advised in the premises, does hereby make the following Findings of Fact and Conclusions of Law:

1. The Plaintiff instituted this action to recover possession of a gold bar given to representatives of the Debtor, 18TH AVENUE DEVELOPMENT CORP., prior to the institution of these reorganization proceedings. The gold bar was delivered to Debtor's representatives on May 19, 1979, at which time a receipt was given to the Plaintiff's husband and to the Plaintiff. The husband is not a party to these proceedings by virtue of an assignment of his interest in the property to the Plaintiff.

2. The gold bar was delivered to Debtor's representatives in lieu of cash as part of a deposit for the purchase price of a residence to be erected at the development known as "The Village". This deposit was given in conjunction with the execution of a purchase and sale agreement between 18TH AVENUE DEVELOPMENT CORP. and the Plaintiff and her husband.

3. At or about the time that the Deposit Receipt Agreement for the purchase of the residence was executed by the parties, the Plaintiff and her husband were unable to deposit the initial funds in cash. In lieu thereof, the Debtor agreed to accept a gold bar having a value agreed to between the Plaintiff and representatives of 18TH AVENUE DEVELOPMENT CORP. of the sum of $8,000.00. The Plaintiff was to bring in the balance of the initial deposit of $10,000.00 within 45 days after receipt of the gold bar. This she did not do.

4. Contemporaneously with receipt of the gold bar, Mr. Leonard Schrieber, President of 18TH AVENUE DEVELOPMENT CORP., deposited cash to the account of 18TH AVENUE DEVELOPMENT CORP. in the sum of $8,000.00, the cash equivalent of the gold bar's value at the time of its receipt. This sum was credited to the account of the Plaintiff herein. Debtor's representatives thereafter requested the balance of the deposit, but none was received.

5. The Debtor acknowledges, as does the Trustee, that the Plaintiff herein is entitled to a claim against this estate in the sum of $8,000.00. In other proceedings pending in the reorganization case, this Court has adjudicated that the Plaintiff in this Adversary Proceeding is entitled to an equitable lien against the real property upon which the house was to be erected.

6. There is no evidence before the Court that the Trustee, at the time of the institution of this Complaint, was in possession of the gold bar. To the contrary, the uncontradicted testimony and evidence is that the Trustee is not now, nor has he ever been in possession of the gold bar. Further uncontradicted evidence is that at the time of the filing of the reorganization proceedings the Debtor was not in possession of the gold bar, but same was in possession of Mr. Schrieber's daughter to whom Mr. Schrieber gave the gold bar to be held in trust for his grandchildren's education.

7. The Court must therefore conclude that the Plaintiff is not entitled to recovery of possession of the gold bar from the Defendant/Trustee. The Plaintiff has the burden of establishing that the Debtor was in possession of the property at the inception of the reorganization proceedings and that possession thereof was transferred to the Trustee. This she has failed to do.

8. The Trustee is entitled to possession and is charged with the responsibility of obtaining possession of all property of the Debtor as of the date of filing the original petition initiating the reorganization proceedings. Since the Trustee was not in possession of the property at the time of the filing of this proceeding, nor was the Debtor in possession of the property at the time of the initial reorganization petition, the Plaintiff is not entitled to relief against the Defendant/Trustee. See 11 U.S.C. § 541; Vol. 4 Collier on Bankruptcy, 15th Edition, ¶ 541.01 at et seq.

9. The Court can find no legal prohibition against a substitution of cash for the gold bar as it is obvious the Debtor

could only use cash in its operations. The facts before me do not violate any provisions of 11 U.S.C. § 547 or § 548.

10. A Final Judgment will be entered in accordance with these Findings of Fact and Conclusions.